# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**OSCAR GLASPER,**                                       **PETITIONER**

**V.**                              **NO. 4:07CV084-M-B**

**DALE McCASKEY, et al.,**                                  **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Oscar Glasper ("Petitioner" or "Glasper") for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The parties have submitted their briefs along with exhibits and this matter is ripe for review.

### Factual Background[1]

On May 27, 2000, Flavis Sanders, a 74-year-old single woman, was found dead in her home. Local police arrived at the home and found Sanders lying face down in her bed. The police noted blood on the bed sheets around the body in the buttocks area and evidence of a struggle. Serological and fingerprint evidence was obtained from the crime scene. A neighbor reported that she had seen Glasper "walking up and down the street close to Sanders' home around 2:00 a.m." It was later learned that between 5:00 a.m. and 5:30 a.m. an intoxicated Glasper approached a sheriff's deputy and asked to be locked up because he, Glasper, was drunk and needed a place to lie down. Glasper was turned over to Belzoni Police and, as he requested, was held until mid-afternoon on May 27, 2000.

On May 30, 2007, law enforcement officials arrested Glasper on an outstanding "peeping Tom" warrant. The following day, Glasper gave three statements to officers implicating himself in the burglary of Sanders' home and the rape, but stopped short of admitting to her murder. Among other things, Glasper stated that he never intended "to do any of this," but that he was "out of [his]

---

[1] The facts contained herein were primarily extracted from the Mississippi Supreme Court's opinion denying Glasper's appeal. *See Glasper v. State*, 914 So.2d 708 (Miss. 2005).

mind" because of drugs and alcohol. Glasper also explained that he placed his hand over Sanders' mouth to prevent her from screaming and that she eventually stopped hollering.

In addition to the confessions and witnesses' statements, criminal analysis determined that Glasper's fingerprints were at the scene of the crime although DNA testing proved to be inconclusive. At the conclusion of the trial, the jury returned a guilty verdict on five counts including, capital murder, rape, sexual battery, house burglary and kidnapping. After the jury was unable to agree upon the punishment for capital murder, the judge sentenced Glasper to life imprisonment without the possibility of parole. Glasper was also sentenced to fifteen-year sentences for rape and sexual battery respectively, and ten-year sentences for kidnapping and burglary respectively, to be served consecutively.

Glasper appealed his convictions and sentences, which were affirmed by the Mississippi Supreme Court. *See Glasper v. State*, 914 So.2d 708 (Miss. 2005). Glasper then filed a petition for leave to seek post-conviction relief which was denied by the State's highest court. Glasper timely filed the instant petition on May 16, 2007, setting forth essentially five grounds for relief.

## **Grounds for Relief**

In support of his petition, Glasper asserts:

Ground One: Whether the trial court erred in denying the motion to suppress the confession.

Ground Two: There was no probable cause to arrest Glasper; therefore the confession should have been excluded as the fruit of the poisonous tree.

Ground Three: Whether Glasper's constitutional rights were violated because he was denied an initial appearance.

Ground Four: Whether the assistance Glasper received was inadequate and ineffective.

Ground Five: Whether the verdict was against the overwhelming weight of evidence.

## Procedurally Barred Claims

In the case *sub judice*, Respondents contend that some of Petitioner's claims are procedurally barred. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). Independence requires that the state procedural rule be "independent of the merits of the federal claim." *Lott v. Hargett*, 80 F.3d 161, 164 (5th Cir. 1996) The procedural default is an adequate ground for denial of relief when the state supreme court applies the bar "strictly or regularly . . . to the vast majority of similar claims." *Id.* at 634.

In Ground Two, Petitioner argues that the confessions should have been excluded as the fruit of the poisonous tree. The State correctly argues that this claim is procedurally barred due to Petitioner's failure to raise the issue in the trial court. *See* Miss. Code Ann. § 99-39-21(1) (claims not raised at trial or on direct appeal are waived). Reviewing the same claim on direct appeal, the Mississippi Supreme Court found that although Glasper challenged the validity and admissibility of the confessions, he had failed to present the "fruit of the poisonous tree" argument to the trial judge. As a result the court held that the issue was barred in accordance with Mississippi Statute Annotated § 99-39-21(1). *Glasper*, 914 So.2d at 721-22. The Court, however, reviewed the merits of the claim despite the bar and found that the argument was meritless. *Id.* at 722.

The Fifth Circuit has recognized the statutorily crafted bar as an independent and adequate procedural requirement. *Wiley v. Puckett*, 969 F.2d 86, 102 (5th Cir. 1992). Therefore, since the State Court's ruling rests upon a state law ground which is both independent of the merits of the federal claims and adequate to support the judgment, the procedural bar applies. *Sawyer v. Collins*, 986 F.2d 1493, 1499 (5th Cir. 1992). Thus, this court may not consider the claim unless Petitioner can demonstrate cause and actual prejudice sufficient to excuse the default or that failure to consider

the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 1115 L Ed. 2d 640 (1991).

The issue of "cause" must ordinarily turn on whether the prisoner can show that some objective external factor impeded his defense such as, "active governmental interference or the reasonable unavailability of the factual or legal basis for the claim." *Hughs v. Quaterman*, __ F.3d __, 2008 WL 2300252 at *3 (5th Cir. Jun. 5, 2008). "Prejudice" requires more than the mere possibility of prejudice but that errors "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at *3 (citations omitted). The fundamental miscarriage of justice exception applies to cases in which the petitioner can show that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Id.* (citations omitted).

Glasper makes no attempt to demonstrate either cause and prejudice or the miscarriage of justice exception. Accordingly, the court finds that Ground Two is procedurally barred[2].

Respondents submit that Ground Four is similarly barred. In support of Ground Four Petitioner vaguely asserts that his counsel was inadequate and ineffective. Glasper raised this issue on direct appeal and the Mississippi Supreme Court held that the claim was procedurally barred due to the failure to cite supporting authority. *See Glasper*, 914 So.2d at 726. Notwithstanding the bar, the Court analyzed Glasper's claim and found it to be "wholly without merit." *Id.*

The state courts have strictly and routinely applied the bar for failure to cite authority. *See Brown v. State*, 863 So.2d 836, 863 (Miss. 2003); *Simmons v. State*, 805 So.2d 452, 487 (Miss.

---

[2] Furthermore, to the extent Ground Two rests upon a Fourth Amendment claim, it too is barred from federal review. *See Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976) ("where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. . ."); *Shisinday v. Quaterman*, 511 F.3d 514, 524-25 (5th Cir. 2007).

2001). Petitioner has offered no argument to the contrary. Likewise, Petitioner does not set forth any explanation for his failure to cite supporting authority for his claim. Consequently, he has failed to demonstrate cause and prejudice or that a miscarriage of justice will result in this court's failure to consider the merits of Ground Four. Thus, Glasper's Ground Four is also procedurally barred.

## Standard of Review

Since the remaining Grounds were raised and rejected in the state courts, either on direct appeal or on motion for post-conviction relief, each is afforded a presumption of correctness. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). As a result, the court may issue the writ of *habeas corpus* only if the state court's ruling resulted in a decision that "(1) was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams*, 529 U.S. at 411-13. It is not enough that the state court decision applied the law erroneously or incorrectly. The application of the principle must be unreasonable. *Id.* at 409-10. The district court must ask whether the state court's application of the principle was objectively reasonable, not whether all reasonable jurists would agree the state court made an incorrect decision. *Id.* at 408-10. The petitioner bears the burden of proof by clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

### Ground One

Petitioner argues that the trial court erred in denying the motion to suppress his confessions. His position is that all three confessions should have been excluded because the officers made tricked him into making the statements in exchange for the promise of a more lenient sentence. The state court record reflects that the trial court held a lengthy suppression hearing that when transcribed consisted of 100 pages. After careful consideration, the trial court denied the motion to suppress.

5

*See United States v. Pozos*, 697 F.2d 1238, 1243 (5th Cir. 1983) (trial court's determination of witness credibility will not be disturbed unless clearly erroneous). On direct appeal, the State Supreme Court also thoroughly reviewed each of the three statements, the suppression hearing and the trial court's decision. The State Supreme Court affirmed the trial court's denial of the motion to suppress and noted that "the trial judge thus denied the motion to suppress the statements based upon a specific finding that Glasper's statements 'were freely and voluntarily given.'" Glasper, 914 So.2d at 720.

In this matter, Petitioner has not set forth any argument which has not already been thoughtfully considered and rejected by the trial court and State Supreme Court with regard to suppressing the statements. Similarly, this court finds no error was committed by either state court. The correct legal standards were recognized at both the trial and appellate level. *See Moran v. Burbine*, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). Both courts also correctly applied the law to the facts in their respective analysis of the circumstances surrounding Petitioner's statements. Further, this court finds that the state courts correctly denied Petitioner's arguments and concluded that the statements were admissible. Thus, the state court rulings are not unreasonable in light of the evidence presented. Ground One is, accordingly, denied.

Ground Three

Next, Glasper contends that his constitutional rights were violated because he was denied an initial appearance. Like Ground One *supra*, both state courts considered the merits of this argument and ultimately denied Glasper relief. Absent some unreasonable delay,[3] a probable cause determination should be made within 48 hours following a warrantless arrest. *County of Riverside*

---

[3] Unreasonable delay might include "delay for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S.Ct. 1661, 1670, 114 L.Ed.2d 49 (1991). No construction of the facts of this case supports the conclusion that any purported "delay" was unreasonable.

*v. McLaughlin*, 500 U.S. 44, 56, 111 S.Ct. 1661, 1670, 114 L.Ed.2d 49 (1991). A person arrested pursuant to a warrant, however, is not constitutionally entitled to a separate judicial probable cause determination. *Baker v. McCollan*, 443 U.S. 137, 143, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Rule 6.03 of Mississippi's Uniform Rules of Circuit and County Court Practice ("URCCC") provides that "[e]very person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance." Furthermore, there is no *per se* rule that the failure to provide an initial appearance within 48 hours constitutes reversible error so long as the defendant was informed of his rights and made a knowing and voluntary waiver. *Lawrence v. State*, 869 So.2d 353, 355-56 (Miss. 2003).

The record does not support Glasper's contention that there was a violation of URCCC 6.03 or of the confines of *McLaughlin*. Glasper was originally arrested pursuant to an outstanding warrant for an unrelated voyeurism charge thus obviating the need for an initial appearance according to well establish law as announced by the United States Supreme Court. *See Baker*, 443 U.S. at 143. To the extent it could be argued that he was entitled to an initial appearance–since the warrant was for an unrelated crime– interview transcripts indicate that Glasper was *Mirandized*. Subsequent to being informed of his *Miranda* rights, Glasper executed a waiver of his rights and continued to talk with investigators. Glasper ultimately gave three different confessions within the first 24 hours of his detention well before the expiration of the 48 hour requirement for an initial appearance. The admissibility of these statements was litigated at length. Both state courts determined that the statements were not the result of coercion or threats but were given freely and voluntarily after he waived his *Miranda* rights. A voluntary waiver of these rights also results in a waiver of the URCCC 6.03 presentment requirement. *E.g. Bell v. State*, 963 So.2d 1124, 1135-36 (Miss. 2007); *see also, United States v. Barlow*, 693 F.2d 954 (6th Cir. 1982) (waiver of one's *Miranda* rights also

constitutes a waiver to prompt judicial warning of one's constitutional rights in accordance with Fed. R. Crim. P. 5).

Additionally, in the event a defendant can prove that a violation of URCCC 6.03 has occurred, Mississippi law requires the defendant to also show that the delay in providing an initial appearance caused him to suffer some prejudice. *Jones v. State*, 841 So.2d 115, 131-34 (Miss. 2003). Prejudice may result if the confession was coerced. *E.g. Abram v. State*, 606 So.2d 1015, 1029 (Miss. 1992) (delayed initial appearance resulted in prejudice where confession was coerced *i.e.* would not have been obtained but for the failure to comply with URCCC 6.03). In *Jones*, the court upheld the defendant's conviction under circumstances similar to the case *sub judice*. 841 So.2d at 131-34. The defendant had been arrested, read his Miranda rights, validly waived his rights and gave an incriminating statement for murder within the 48 hour time period. *Id.* The court stated, "[a] timely initial appearance in Mississippi might have resulted in less evidence being gathered, but it would not have resulted in suppression of the evidence against Jones to the extent where there is any reasonable probability that the verdict would have changed." *Id.* at 134. Such is the case here.

Assuming *arguendo* there was a violation of URCCC 6.03,[4] Glasper cannot demonstrate the prejudice required to warrant habeas relief. Foremost, his three confessions were not the result of coercion. Secondly, there was ample evidence for a jury to conclude that Glasper was guilty. As the State Supreme Court correctly noted, one witness placed Glasper near Sander's home, fingerprint analysis placed Glasper in the home, and DNA analysis, though inconclusive, did not exclude Galsper. *Glasper*, 914 So.2d at 724.

Therefore, for all the foregoing reasons, Glasper's Ground Three is unworthy of habeas relief.

Ground Five

---

[4] Asserted violations of state law cannot provide the basis for federal habeas relief. *West v. Johnson*, 92 F.3d 1385, 1404-05 (5th Cir. 1996).

Lastly, Glasper argues that the verdict was against the overwhelming weight of evidence. This issue, however, is not appropriate for federal habeas review. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 195). A federal court has no power to grant habeas relief because it finds that the state conviction is against the "weight"[5] of evidence. *Id.* at 1105; *see also*, *McIntosh v. Crocket*, No. 2:06CV208-B-A, 2007 WL 3047146 at *7 (N.D. Miss. Oct. 17, 2007). Nothing in Glasper's petition has overcome the deference afforded to the factual findings made by the state appellate court. 28 U.S.C. § 2254(e)(1). Furthermore, Glasper has not proven that the state court decision resulted from an unreasonable application of law to the facts. *Williams*, 529 U.S. at 412-13. Therefore, Ground Five shall be dismissed with prejudice.

## Conclusion

The court has concluded that the Grounds asserted by Petitioner, neither singularly nor collectively, rise to a level worthy of habeas relief. From a review of the record, it appears that Petitioner had competent, effective counsel, a fair trial and a jury that returned a reasonable verdict based on competent evidence. Therefore, Petitioner's claims are meritless and his petition shall be denied in all respects.

A final judgement shall issue in accordance with this opinion.

This the 30th day of June, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[5] The analysis is different when the claim challenges the "sufficiency" of the evidence as opposed to the "weight" of evidence. *See U.S. v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). To the extent that Glasper takes issue with the "sufficiency" of the evidence, his argument would also fail. *U.S. v. Burton*, 126 F.3d 666, 670 (5th Cir. 1997) (jury is free to choose among an reasonable construction of the facts and evidence).